Jeffrey G. Sheldon (SBN 67516)
jsheldon@cislo.com
Katherine M. Bond (SBN 263020)
kbond@cislo.com
**CISLO & THOMAS LLP**
12100 Wilshire Blvd., Ste. 1700
Los Angeles, CA 90025
Telephone: (310) 979-9190

Attorneys for Plaintiff
SAN ANTONIO WINERY, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SAN ANTONIO WINERY, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>VIVINO, INC., a Delaware corporation and DOES 1-10.<br><br>Defendants. | Case No. 2:23-cv-00332<br><br>COMPLAINT FOR DAMAGES AND INJUNCTION:<br><br>1. TRADEMARK INFRINGEMENT<br>2. TRADEMARK DILUTION<br>3. FALSE DESIGNATION OF ORIGIN<br>4. COMMON LAW TRADEMARK INFRINGEMENT<br>5. COMMON LAW UNFAIR COMPETITION<br>6. TRADEMARK DILUTION [*Cal. Bus. & Prof. Code* §14330]<br><br>REQUEST FOR JURY TRIAL |

///
///
///

COMPLAINT FOR DAMAGES AND INJUNCTION

Plaintiff San Antonio Winery, Inc., through its attorneys Cislo & Thomas LLP, alleges as follows:

## THE PARTIES

1. Plaintiff San Antonio Winery, Inc. ("Plaintiff" or "San Antonio") is a corporation duly organized and existing under the laws of the State of California and has its principal place of business within the City and County of Los Angeles in the State of California.

2. Upon information and belief, and according to the California and Delaware Secretary of State databases, Defendant Vivino, Inc. is a corporation organized under the laws of Delaware having an address of 100 Montgomery Street, Ste. 2000, San Francisco, California 94104 ("Vivino"). There is a Vivino App available to California residents and the terms and conditions (https://www.vivino.com/terms) state that any arbitration is to occur in California and claims of copyright infringement are to be sent to:

Vivino, Inc.
Attention: General Counsel
100 Montgomery St, Suite 2000
San Francisco, CA 94104
Phone: +1 415-569-8116, option 2
Email: legal@vivino.com

3. The true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff and therefore Plaintiff sues these Defendants by these fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

4. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants.

5. Plaintiff is informed and believes and on that basis alleges that at all times mentioned in this Complaint, Defendant and Does 1-10 (collectively, the "Defendants") were the agents, servants and employees of their Co-Defendants, and in doing the things set forth in this Complaint were acting within the scope of their authority as such agents, servants and employees, and with the permission and consent of their Co-Defendants. Moreover, Plaintiff is informed and believes, and on that basis alleges, that each Defendant ratified the acts of his/her/its Co-Defendants, as more particularly alleged in this Complaint.

## JURISDICTION AND VENUE

6. The Court has original jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) in that this case arises under the trademark laws of the United States, 15 U.S.C. §§ 1051, et seq. This Court also has original jurisdiction over this action under 15 U.S.C. § 1338(b) in that it asserts a claim for unfair competition that is joined with a substantial and related trademark claim. This Court has supplemental jurisdiction over the non-federal claims set forth herein under 28 U.S.C. § 1367 in that those claims are so related to the federal claims that they form part of the same case or controversy.

7. This Court has personal jurisdiction over Defendant Vivino and venue is proper in this district under 28 U.S.C. §1391(b) and (c)(3) in that a substantial part of the events giving rise to the within claims occurred in this judicial district, and Vivino regularly conducts business in this district.

## SAN ANTONIO AND STELLA ROSA®

8. San Antonio is a family-owned corporation that is engaged in, among other things, the production, sale and international distribution of wines. It has been in business in Los Angeles for over a century. Its wines have won numerous wine competition awards. Some of its estate wines are San Simeon®, Opaque®, Maddalena® and Bodega de San Antonio®.

9. Since its founding, the winery has persevered through prohibition, the Great Depression, and World War II to become one of the most awarded wineries in California with locations in Monterey, Paso Robles and Napa Valley, with four generations of family contributing to the company's success including, being honored as the American Winery of the Year in 2018 by Wine Enthusiast.

10. In the early 2000's San Antonio discovered an unmet need in the wine market. Not all consumers had a palette for traditional red and white wines. People wanted something sweeter, with less alcohol and not as heavy as a Chardonnay or Merlot. The introduction of Stella Rosa® wine created a new market to satisfy this need which has been hugely successful. Stella Rosa wine is imported from Italy. It is a low alcohol (5.5 % or less), fizzy, sweet or semi-sweet, prosecco style wine. Examples of Stella Rosa wine bottles are shown below.



11. In the United States and internationally, San Antonio Winery is the owner of several well-known trademarks, including but not limited to, STELLA ROSA. Some of San Antonio Winery's U.S. registrations protecting the STELLA ROSA brand are listed in the table below and the registrations are attached as **Exhibit "A"**.

| Trademark | Reg. No. | Reg. Date | Class(es) Goods/Services |
|---|---|---|---|
| STELLA ROSA (crown logo) | 3663013* | Aug. 4, 2009 | Class 33: Wines |

| STELLA ROSA | 4000417* | July 26, 2011 | Class 33: Wines |
|---|---|---|---|
| STELLA ROSA | 4621690* | October 14, 2014 | Class 29: Jellies<br>Class 30: Sauces |
| STELLA ROSA | 4522059* | April 29, 2014 | Class 43: Bistro Services |
| STELLA ROSA | 4575423* | July 29, 2014 | Class 25: Clothing, namely, hats and shirts. |
| STELLA ROSA | 4636301* | Nov. 11, 2014 | Class 3: Lip balm<br>Class 6: Metal key chains<br>Class 21: Cocktail shakers, Ice Buckets |
| STELLA ROSA | 6690519 | Aug. 5, 2022 | Class 9: Downloadable mobile app |
| STELLA ROSA | 6686553 | March 29, 2022 | Class 30: Candy, chocolate |
| STELLA ROSA | 6655101 | February 22, 2022 | Alcoholic beverages, other than beer |

*Denotes incontestable registration.

STELLA ROSA is a famous mark.

12.  In addition to its portfolio of STELLA ROSA marks, San Antonio also owns numerous marks comprising "STELLA" in the U.S. and abroad like STELLA ROYALE®, STELLA BERRY®, STELLA PEACH®, STELLABRATE®, STELLA ROSÉ® and STELLA RED®.

13.  Collectively all of the "STELLA" marks above are referred to as the "Stella Rosa Marks" and these registrations constitute prima facie evidence of the validity of the Stella Rosa Marks, of San Antonio's ownership of the Stella Rosa Marks, and of San Antonio's right to use these in connection with the goods

specified in those registrations and in connection with related goods and services.

14. Between 2015-2019 San Antonio Winery's total sales of wines under the Stella Rosa Marks was in excess of $730,000,000. Sales of Stella Rosa wine in 2019 bearing the Stella Rosa Marks were in excess of $220,000,000. Stella Rosa is the number one imported wine in the United State in at least 2021 according to Nielsen data.

15. The success of the Stella Rosa brand was recognized in the United States District Court for the Southern District of Florida when the Hon. Robert N. Scola issued a temporary restraining order prohibiting a knock-off BELLA ROSA wine from being sold[1].

16. San Antonio has spent in the last two years alone in excess of $30,000,000 in marketing its wines bearing the Stella Rosa Marks. For example, Stella Rosa wine has been featured multiple times on a float in the nationally televised, world-famous Tournament of Roses Parade, in print advertisements such as in Wine Spectator and Wine Enthusiast, and on over 600 billboards in 42 states. San Antonio Winery has had advertisements for its Stella Rosa wines on the Hallmark Channel. San Antonio Winery is also sponsoring a concert tour by country music star Lainey Wilson under: "Stella Rosa Wines Presents: Lainey Wilsons Country With A Flare Tour."

17. San Antonio has used the Stella Rosa Marks to identify its goods and to distinguish them from the goods and services made and sold or offered by others by, among other things, prominently displaying the mark on its products, on its Internet websites and on advertising materials promoting its goods.

18. The presence of the Stella Rosa Marks on San Antonio's goods indicates to the public that goods provided under the Stella Rosa Marks originate

---

[1] Case 1:20-cv-20515-RNS Document 32 Entered on FLSD Docket 02/24/2020

with, or are provided by, San Antonio. San Antonio adheres to strict quality standards in the manufacture of its wines. Thus, the consuming public has come to associate the Stella Rosa Marks with wines and other goods of high quality. As a consequence of all of the foregoing, the San Antonio Stella Rosa Marks has attained considerable value and the goodwill associated with them represents a valuable business asset.

19. As a result of San Antonio Winery's long-term and widespread use of the highly- distinctive Stella Rosa Marks in the United States via Internet, product packaging, billboards, print advertising, and continuous and unsolicited media coverage, the Stella Rosa Marks enjoy a high degree of consumer recognition and is a famous mark.

## THE DEFENDANTS' ACTIVITIES

20. Upon information and belief Defendant Vivino owns and operates a website located at https://www.vivino.com/US-CA/en/. Vivino purports to be "…the world's largest online wine marketplace and most downloaded wine app." *See* https://www.vivino.com/about.

21.



/ / /

/ / /



21. According to the website and shown above, the information offered by Vivino about wine is, "Trusted by millions to discover and buy the right wine every time." The site continues, "Check honest reviews of any wine before purchase."

22. Despite its claims, Vivino provided false, incorrect, harmful information about Plaintiff San Antonio Winery and STELLA ROSA on the webpage located at https://www.vivino.com/US-CA/en/stella-rosa-md-moldova-riesling-reserve/w/6298992?year=2016 (the "Vivino Stella Rosa Page"). Screenshots of the page are shown below.



- 7 -
COMPLAINT FOR DAMAGES AND INJUNCTION

23. The wine shown in the image above is not a San Antonio STELLA ROSA wine. The wine comes from Moldova. It is a knock-off. San Antonio Winery's STELLA ROSA wines do not cost $2.76.

24. Yet, the bottom of the Vivino Stella Rosa Page, Defendant Vivino had information about San Antonio Winery and was showing actual San Antonio STELLA ROSA wines even though there is no "Stella Rosa Winery" and San Antonio Winery does not have a winery in Piemonte · Italy (neither does the Moldova knockoff). Vivino is confusing the public by associating a knockoff Moldova "Stella Rosa" wine, that is not in any way affiliated with San Antonio's famous STELLA ROSA brand, with authentic Stella Rosa wine originating from San Antonio Winery.



25. In addition, the Vivino Stella Rosa page was displaying negative reviews about what is believed to be the Moldova "Stella Rosa" wine.

/ / /

/ / /

/ / /

[Screenshot of Vivino community reviews page showing a 3.0 rating based on all vintages, with reviews including "Low alcohol on taste, oily, quite Yellow color, petrol aroma, gas. Unexpected taste considering the aroma. I felt the old настойка smell. Not bad, but not my favorite." by Catalina Zh; "Great taste, but very low alcohol lvl. Sparkling wine." by Jordan McEntire; and "I did not like this very much. It was way to carbonated in my opinion." by Dylan Richardson. Shown as Bottom 3% of wines in The World and Bottom 4% of wines from Vino d'Italia.]

26. This harmed the reputation and goodwill San Antonio has created in the STELLA ROSA brand.

27. On or about August 5, 2022, through counsel, San Antonio sent a letter to Vivino highlighting these issues and requesting correction.

28. In September of 2022, Vivino's counsel indicated that the page had been corrected but the negative reviews remained.

29. In response, San Antonio requested the negative reviews such as "petrol aroma gas", "smell", "yellow" and "oily" be removed because the negative reviews of the Moldavian wine are showing up and are being displayed, at a minimum to consumers in the United States, and probably other countries where San Antonio Winery has trademark rights in and to the STELLA ROSA mark.

30. To date, San Antonio has not received a response even after numerous requests.

31. On information and belief, since August of 2022, after notice of San Antonio's concerns, Vivino posted additional Moldova "Stella Rosa" wine pages. True and correct copies of these pages are attached as **Exhibit "B".** On information and belief, such further postings were done maliciously.

32. Vivino continues to confuse the public with regard to the Moldova wine. See for example this screen shot:



(New Vivino "Stella Rosa" Moldova Page)



(Plaintiff San Antonio Winery Vivino Stella Rosa Page)

33. "1917" is a trademark belonging to San Antonio. It was the year the winery was founded and appears on STELLA ROSA bottles. The "1917" displayed has no connection to the Moldova Riesling Reserve that appears on the page above. San Antonio Winery has trademark registrations incorporating 1917 as part of the registered Mark; see Registration No. 4235126.

34. The Moldova "Stella Rosa" wine pages should never be displayed or

made available to consumers in geographic locations where San Antonio has STELLA ROSA has trademark rights, including in the United States, as Vivino's exposure causes consumer confusion, damages the STELLA ROSA brand, dilutes the STELLA ROSA trademark and allows a third party to trade unfairly on San Antonio's goodwill in and to its brand.

35. Defendant Vivino is infringing the Stella Rosa Marks at least due to the promotion of a knockoff wine. By reason of Defendants' acts, as alleged herein, San Antonio Winery has suffered damage to its business, reputation and goodwill.

36. Defendants' acts have caused and will continue to cause irreparable and immediate injury to San Antonio for which San Antonio has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing its unauthorized use of STELLA ROSA, these injuries will continue to occur.

## FIRST CLAIM FOR RELIEF

### (For Trademark Infringement – 15 U.S.C. § 1114(1))

37. San Antonio repeats and re-alleges paragraphs 1 through 36, as though fully set forth in this paragraph.

38. The San Antonio Stella Rosa Marks are owned by San Antonio and San Antonio has continuously used the Stella Rosa Marks in commerce since at least as early as 2004. San Antonio has never authorized or consented to Defendants' use of STELLA ROSA with any product not originating or authorized by San Antonio Winery.. For clarity. San Antonio does not object to use of the Stella Rosa marks by Vivino for wine originating from or authorized by San Antonio Winery.

39. Defendants' actions, as alleged above, are likely to cause confusion, mistake or deception in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

40. Defendants' acts have been undertaken to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with the San Antonio Stella Rosa Marks.

## SECOND CLAIM FOR RELIEF

**(Federal Trademark Dilution under 15 U.S.C. §1125(c) against all Defendants)**

41. San Antonio repeats and re-alleges paragraphs 1 through 36, and 38 through 40 as though fully set forth in this paragraph.

42. The actions of Defendants described above and specifically, without limitation, their unauthorized use of the famous Stella Rosa Marks, are likely to cause dilution by blurring and tarnishment in violation of 15 U.S.C. § 1125(c).

43. The actions of Defendants, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the Stella Rosa Mark and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. 1125(c).

## THIRD CLAIM FOR RELIEF

**(For False Designation of Origin – 15 U.S.C. §1125(a))**

44. San Antonio repeats and re-alleges paragraphs 1 through 36, 38 through 40, and 42 through 43 as though fully set forth in this paragraph.

45. The San Antonio Stella Rosa Marks are owned by San Antonio and San Antonio has continuously used them in commerce for many years. San Antonio has not authorized or consented to Defendants' use of the Stella Rosa in connection with Moldavan wine.

46. Defendants' actions, as alleged above, are likely to cause confusion, mistake or deception as to the affiliation, connection or association of the Moldavan wine in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Defendants' acts have caused and will continue to cause irreparable and immediate injury to San Antonio for which San Antonio has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing its unauthorized use of the Stella Rosa Marks these injuries will continue to occur.

## FOURTH CLAIM FOR RELIEF

### (For Common Law Trademark Infringement)

48. San Antonio repeats and re-alleges paragraphs 1 through 36, 38 through 40, 42 through 43, and 45 through 47 as though fully set forth in this paragraph.

49. On information and belief, the Defendants' actions, as described above, constitute conduct that is so careless as to indicate a wanton disregard for the intellectual property rights of San Antonio. Further, the Defendants' acts, as alleged above, constitute trademark infringement in that they have been undertaken with a conscious disregard of San Antonio's intellectual property rights.

## FIFTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

50. San Antonio repeats and re-alleges paragraphs 1 through 36, 38 through 40, 42 through 43, 45 through 47, and 49 as though fully set forth in this paragraph.

51. The above-described acts of Defendants constitute common law unfair competition in that Defendants are attempting to pass off Moldavan wine as those of San Antonio. Such acts have caused and will continue to cause irreparable and immediate injury to San Antonio for which San Antonio has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

## SIXTH CLAIM FOR RELIEF

### (California Business and Prof. Code §14330 *et seq.* and California Common Law*)*

52. San Antonio repeats and re-alleges paragraphs 1 through 36, 38 through 40, 42 through 43, 45 through 47, 49 and 51 as though fully set forth in this paragraph.

53. The actions of Defendants described above and specifically, without limitation, their unauthorized use of the Stella Rosa Marks, in commerce to advertise Moldavan knockoff wine throughout the United States. including California, are

likely to cause dilution by blurring and tarnishment in violation of Cal. Bus. & Prof. Code §154330 *et seq.*

54. The actions of Defendants, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the Stella Rosa Marks and injury to Plaintiff's business.

## PRAYER FOR RELIEF

WHEREFORE, San Antonio prays for relief as follows:

1. For an order permanently enjoining Defendants and Defendants' officers, agents, subsidiaries, employees and representatives, and all those acting in concert or conspiracy with them, from:

   a. Using any mark or designation that makes use of the Stella Rosa Marks or any permutation of that term including STELLA ROSA, whether alone or in combination with other words, characters or symbols in connection with the sale, offer for sale, promotion or advertising of alcoholic beverages and non-alcoholized wine and related goods, except goods and services originating from or authorized by San Antonio Winery;

   b. Instructing or directing any third parties to prepare any print and/or electronic publications, advertising, flyers, containers, labels or packaging bearing the Stella Rosa Marks or any permutation of that term including STELLA ROSA, whether alone or in combination with other words, characters or symbols for use in connection with the sale, offer for sale, promotion or advertising of alcoholic beverages and non-alcoholized wine and related goods, except for goods and services originating from or authorized by San Antonio Winery;

   c. Imitating, copying, making unauthorized use of, or otherwise infringing, Plaintiff's rights in and to the Stella Rosa Marks;

3. For a monetary award in favor of San Antonio in an amount equal to (i) San Antonio's actual damages and (ii) to the extent not included in actual damages, the Defendants' profits arising from the acts alleged above, such damages and profits to be trebled under 15 U.S.C. § 1117(a);

5. For a finding that this is an exceptional case within the meaning of, and for an award of attorneys' fees pursuant to, 15 U.S.C. § 1117(a);

6. For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

7. For an award of costs under 15 U.S.C. § 1117(a), or as otherwise provided by law;

8. For exemplary and punitive damages; and

9. For such other and further relief as the court deems just and proper.

Respectfully submitted,

CISLO & THOMAS LLP

DATED: January 17, 2023

By: /s/Jeffrey G. Sheldon
    Jeffrey G. Sheldon

Attorneys for Plaintiff,
SAN ANTONIO WINERY, INC.

**REQUEST FOR JURY TRIAL**

San Antonio requests a trial by jury of all which may properly be tried to a jury.

Respectfully submitted,

CISLO & THOMAS LLP

DATED: January 17, 2023

By: /s/Jeffrey G. Sheldon
     Jeffrey G. Sheldon

Attorneys for Plaintiff,
SAN ANTONIO WINERY, INC.